James BUTTS, Plaintiff,

v.

Otis R. BOWEN, Secretary of Health and Human Services, Defendant.

88 C 4618.

United States District Court,
N.D. Illinois, E.D.

Nov. 27, 1991.

Frederick J. Daley, Dorie Budlow, Chicago, Ill., for plaintiff.

Thomas P. Walsh, Asst. U.S. Atty., Civ. Div., Chicago, Ill., for defendant.

## MEMORANDUM OPINION AND ORDER

HART, District Judge.

On October 4, 1991, plaintiff was awarded fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. The fees were for legal work before this court resulting in an order of remand dated March 31, 1989, as well as for legal work in administrative proceedings following the remand. In the October 4 order, it was held that a recent Supreme Court decision, *Melkonyan v. Sullivan,* — U.S. —, 111 S.Ct. 2157, 115 L.Ed.2d 78 (1991), changed the prevailing law and therefore plaintiff's fee petition would be untimely if *Melkonyan* were to be applied. It was further held, however, that *Melkonyan* would not be applied retroactively. Plaintiff's fee petition was found to be timely and plaintiff was awarded fees. *See Butts v. Bowen,* 775 F.Supp. 1167 (N.D.Ill.1991). The Secretary timely moved for reconsideration of the judgment awarding fees.

The parties agree that the time limit for filing an EAJA fee petition is jurisdictional. *See Lopez v. Sullivan,* 780 F.Supp. 496 (N.D.Ill.1991). The Secretary contends a jurisdictional ruling must be applied retroactively and cannot be applied prospectively only as was done with *Melkonyan* in the October 4 order. As stated in the October 4 order, the district courts are split on the question of retroactive application of *Melkonyan.* *See Lopez, supra* (*Melkonyan* applies prospectively); *Brown v. Sullivan,* 1991 WL 225012 (E.D.Pa. Oct. 29, 1991) (same); *Miller v. Sullivan,* 1991

WL 165067 (E.D.Pa. Aug. 23, 1991) (same); *Audette v. Secretary of Health & Human Services,* 776 F.Supp. 84 (D.R.I.1991) (*Melkonyan* applies retroactively); *Fergason v. Sullivan,* 771 F.Supp. 1008 (W.D.Mo.1991) (same). *Brown* expressly considers that the time limit for EAJA petitions is jurisdictional and still applies *Melkonyan* prospectively.

The Supreme Court has stated that jurisdictional rulings are not to be prospective only. *Firestone Tire & Rubber Co. v. Risjord,* 449 U.S. 368, 379, 101 S.Ct. 669, 676, 66 L.Ed.2d 571 (1981) ("A court lacks discretion to consider the merits of a case over which it is without jurisdiction, and thus, by definition, a jurisdictional ruling may never be made prospective only."). *Accord United States v. Kimberlin,* 776 F.2d 1344, 1346 (7th Cir.1985), *cert. denied,* 476 U.S. 1142, 106 S.Ct. 2251, 90 L.Ed.2d 697 (1986). However, in *Snyder v. Smith,* 736 F.2d 409, 415 (7th Cir.), *cert. denied,* 469 U.S. 1037, 105 S.Ct. 513, 83 L.Ed.2d 403 (1984), the Seventh Circuit held that *Risjord* should not be read as precluding prospective application of a jurisdictional rule when the litigant is deprived of filing a timely pleading because of an intervening change in the law. In *Snyder,* then-existing law precluded the appellant from filing an appeal from an order compelling arbitration because such orders were considered to be interlocutory. A later change in the law held that orders compelling arbitration were appealable and that appeal of that issue had to be taken at the time of the order to arbitrate, not from any later judgment enforcing the arbitration award as had been the previous rule. The appellant in *Snyder,* therefore, was left without any point in time at which he could have brought a timely appeal. That is the same type of "Catch–22" as exists in the present case where the prevailing law prevented there being any point in time when Butts could have filed a timely EAJA petition. Following *Snyder,* under such circumstances, a jurisdictional rule can be applied prospectively only. As was held in the October 4 order, plaintiff's EAJA fee petition is timely.[1]

 The Secretary also contends that, even if the petition is timely, plaintiff is not entitled to fees for work before the administrative agency because, as held in the October 4 order, the 1989 remand order was final and did not contemplate the continued retention of jurisdiction. *Sullivan v. Hudson,* 490 U.S. 877, 109 S.Ct. 2248, 104 L.Ed.2d 941 (1989), however, was, like the March 1989 order in *Butts,* a sentence four remand and permitted an award for legal work before the Secretary. This court does not read subsequent decisions as overruling this aspect of *Hudson.*

Plaintiff requests additional fees for opposing defendant's motion for reconsideration. *See Commissioner, Immigration & Naturalization Services v. Jean,* 496 U.S. 154, 110 S.Ct. 2316, 110 L.Ed.2d 134 (1990). The fees requested are reasonable and will be awarded.

IT IS THEREFORE ORDERED that defendant's motion for reconsideration is denied. The Clerk of the Court is directed to enter judgment in favor of plaintiff and against defendant awarding plaintiff additional fees in the amount of $1,571. Defendant is to pay this judgment directly to plaintiff's attorney, Frederick J. Daley.

---

1. The Secretary contends that such a holding is inconsistent with *Damato v. Sullivan,* 945 F.2d 982 (7th Cir.1991), which he contends applies *Melkonyan* retroactively. *Damato,* however, does not reach any holding regarding sentence four remands. *Cf. Carter v. Sullivan,* No. 90 C 3489, 1991 WL 247629 (N.D.Ill. Nov. 7, 1991).