**Amante SANSANO, Plaintiff,**

v.

**Louis W. SULLIVAN, M.D., Secretary of Health and Human Services, Defendant.**

**Civ. No. 89–4805 (HLS).**

United States District Court, D. New Jersey.

March 24, 1992.

As Amended April 28, 1992.

Susan Steele, Sp. Asst. U.S. Atty., Newark, N.J., for defendant.

Glenn B. Carey, Newark, N.J., for plaintiff.

OPINION

SAROKIN, District Judge.

Without the prospect of an award of attorney's fees, it is unlikely that the wrongful denial of social security benefits would ever be vindicated. Thus counsel should be encouraged to undertake such matters and be compensated when their efforts have been successful. Prior to June of 1991 a remand was not considered a final judgment requiring the filing of a fee application. Since then, by Supreme Court ruling, such remands do require the filing of a fee application within thirty days. Retroactive application of that ruling would serve to deny attorney's fees already earned and historically awarded. It would be unfair and unjust to punish counsel who have served in this essential capacity for following the law as it then existed and with no reasonable expectation that it would be rendered otherwise. Accordingly, the court declines to give retroactive effect to the newly imposed filing requirements for such fee applications.

*Background*

Before the court is plaintiff's appeal of the magistrate's order denying plaintiff attorney's fees under the Equal Access to Justice Act ("EAJA"), plaintiff's motion in the alternative for attorney's fees under 42 U.S.C. § 406(b) of the Social Security Act ("the Act"), and plaintiff's motion for an order requiring defendants to file a transcript and decision pursuant to § 205(g) of the Act.

On November 13, 1989, plaintiff brought an action in this court seeking review of a final decision of the Secretary denying his claim for disability insurance benefits. On July 31, 1990, this court vacated the Secretary's final decision and remanded the case for further proceedings. On June 25, 1991, an administrative law judge found that plaintiff was disabled for purpose of entitlement to disability insurance benefits. Plaintiff applied for attorney's fees under the EAJA on September 24, 1991. The Secretary opposed plaintiff's application on the grounds that it was untimely in light of the Supreme Court's decision in *Melkonyan v. Sullivan,* — U.S. —, 111 S.Ct.

2157, 115 L.Ed.2d 78 (1991). In a letter order and opinion dated November 1, 1991, Magistrate Judge Ronald J. Hedges held that *Melkonyan* should not be applied retroactively and awarded EAJA fees. The Secretary moved pursuant to Fed.R.Civ.P. 59(e) for amendment of the judgment in view of the Supreme Court's decision regarding retroactivity in *James B. Beam Distilling Co. v. Georgia,* — U.S. —, 111 S.Ct. 2439, 115 L.Ed.2d 481 (1991). On December 19, 1991, Magistrate Hedges granted the Secretary's Rule 59(e) motion, retroactively applied *Melkonyan,* and held that plaintiff's EAJA application was not timely. On February 10, 1992, plaintiff appealed the Magistrate's order to this court, pursuant to Fed.R.Civ.P. 73(d).

*Discussion*

This appeal of the magistrate's ruling is before the court pursuant to Fed.R.Civ.P. 73(d), which provides for appeal of matters referred to a magistrate by consent of the parties.[1]

In his ruling upon defendant's motion for reconsideration, the Magistrate stated:

> Defendant is correct in asserting that *Chevron Oil Co. v. Huson,* 404 U.S. 97 [92 S.Ct. 349, 30 L.Ed.2d 296] (1971), does not determine whether *Melkonyan v. Sullivan* [— U.S. —], 11 [111] S.Ct. 2157 [115 L.Ed.2d 78] (1991), should be applied to the action *sub judice. James B. Beam Distilling Co. v. Georgia* [— U.S. —], 111 S.Ct. 2439 [115 L.Ed.2d 481] (1991), explicitly held that, "the *Chevron Oil* test cannot determine the choice of law by relying on the equities of the particular case." 111 S.Ct. at 2247 [2447]. *James Beam* concluded by stating, "when the Court has applied a rule of law to the litigants in one case it must do so with respect to all others not barred by procedural requirements or res judicata." 111 S.Ct. at 2248. The thirty-

day time limit to apply for attorney's fees required by *Melkonyan* must therefore be applied to the action *sub judice.* Accordingly, defendant's motion for reconsideration is granted....

Letter Order and Opinion (Dec. 19, 1991). Because the court concludes that the Magistrate's reading of *Melkonyan* is flawed, the court reverses the Magistrate's determination and grants plaintiff's application for attorney fees.

The EAJA provides that:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, ... incurred by that party in any civil action ... brought by or against the United States ... unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). The EAJA imposes a time limit on applications for attorney's fees which is triggered by the entry of final judgment in the civil action:

> A party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an award under this subsection....

28 U.S.C. § 2412(d)(1)(B).

In the present case, this court remanded the action to the Secretary for further proceedings. In *Sullivan v. Finkelstein,* 496 U.S. 617, 623–628, 110 S.Ct. 2658, 2663–65, 110 L.Ed.2d 563 (1990), the Supreme Court identified two types of remand under § 405(g): "fourth sentence" remands and "sixth sentence remands."

The fourth sentence of § 405(g) authorizes a court to enter "a judgment af-

---

1. Defendants contend that although they may have implicitly consented to reference of this matter to the magistrate for a determination on the merits, they did not thereby consent to appeal to this court. Def.Mem. 2., n. 1. However, insofar as defendants concede that their consent to the initial referral to the magistrate may be inferred from their failure to object in view of

the practice of courts in this circuit, they are likewise bound by the practice of the court in hearing appeals from matters so referred. In consenting to abide by district court practice in this circuit with respect to EAJA motions, defendants necessarily consented to the appellate procedures that are a part of that practice.

firming, modifying, or reversing the decision of the Secretary, with or without remanding the cause for a rehearing." ... The sixth sentence of § 405(g) .... "describes an entirely different kind of remand." ... The District Court does not affirm, modify, or reverse the Secretary's decision; it does not rule in any way as to the correctness of the administrative determination. Rather, the court remands because new evidence has come to light that was not available to the claimant at the time of the administrative proceeding and that evidence might have changed the outcome of the prior proceeding.... The statute provides that following a sentence six remand, the Secretary must return to the District Court to "file with the court any such additional or modified findings of fact and decision, and a transcript of the additional record and testimony upon which his action in modifying or affirming was based." [2]

*Melkonyan,* 111 S.Ct. at 2163 (*quoting Finkelstein,* 110 S.Ct. at 2664). In the present case, the Magistrate found that this court's remand order was a fourth sentence remand and neither party has disputed this finding.[3] Letter Order and Opinion (Nov. 1, 1991).

Prior to June 10, 1991, a district court's order to remand was not considered a final judgment in the Third Circuit capable of triggering the thirty-day EAJA filing period. Rather, the Third Circuit held that the appropriate time for filing a petition for EAJA fees was after final judgment by the district court, following positive resolution on the merits, including the post-remand administrative proceeding. *Taylor v. United States,* 749 F.2d 171, 174 (3d Cir.1984); *Brown v. Secretary of Health and Human Services,* 747 F.2d 878, 883, 885 n. 8 (3d Cir.1984); *see also Miller v. Sullivan,* No. 90–2408, 1991 WL 165067 (E.D.Pa. Aug. 23, 1991).[4]

On June 10, 1991, the Supreme Court in *Melkonyan v. Sullivan* ruled that fourth and sixth sentence remands are the only type of remand permissible in § 405(g) actions. 111 S.Ct. at 2165. Sentence four remands, "affirming, modifying, or reversing" the Secretary's decision, are final judgments. Accordingly, the Court concluded, in sentence four cases, the filing period begins to run after the order remanding the case "is entered by the court and the appeal period has run...." *Id.* In sentence six cases, "the filing period does not begin until after the postremand proceedings are completed, the Secretary returns to court, the court enters a final judgment, and the appeal period runs." *Id.*

This court vacated the Secretary's final decision and remanded the case for further proceedings on July 31, 1990. Plaintiff's application for attorney fees was filed on September 24, 1991. The period allowed for plaintiff to file for fees in a sentence four remand under *Melkonyan* thus had

---

**2.** Because this case does not involve a sentence six remand, plaintiff's request for an order compelling defendant to file the transcript and decision of this case upon remand will be denied, since production of these materials is only required in connection with sentence six remands. *See* Letter Order & Opinion (Nov. 8, 1991) (Hedges, Magistrate Judge).

**3.** To the extent this court's vacatur order leaves any doubt as to the nature of its remand, the court determines that the Magistrate was correct in deeming it a sentence four remand.

**4.** Defendant acknowledges these precedents, but argues that they were implicitly overruled by *Sullivan v. Finkelstein,* 110 S.Ct. 2658. Defendants urge that this case, decided June 18, 1990, "foreshadowed" *Melkonyan's* holding that the EAJA's thirty day period runs from entry of an order to remand. Although *Finkelstein* states that a sentence four remand entails an appeal-able judgment by the district court, the court does not find that such "foreshadowing" was sufficient to overrule the clear Third Circuit precedent that such a remand, whatever its nature, was not a triggering event for EAJA fee purposes. The proposition that *Finkelstein* should not be seen as setting a new standard, at least within the Third Circuit, with respect to the appropriate period for filing EAJA applications is supported both by the fact that the fourth sentence of § 405(g), enacted prior to *Taylor* and *Brown,* itself states that a district court will enter a "judgment" upon remanding pursuant to sentence four, and by the Supreme Court's statement in *Melkonyan* that it "did not state explicitly at [the] time" it decided *Finkelstein* that sentence four and sentence six remands "were the *only* type of remands permitted" under § 405(g). 111 S.Ct. at 2164.

long expired by the time that plaintiff's application was filed. Plaintiff contends that *Melkonyan* applies prospectively with respect to the filing period, and that plaintiff's filing was therefore timely under the prior rule. Defendant maintains that *Melkonyan* applies retrospectively and that plaintiff's application should therefore be barred as filed out of time. To resolve this issue, the court must therefore directly consider whether *Melkonyan* is to be afforded prospective or retrospective application.

Both defendant and the Magistrate concluded that *Melkonyan* should be afforded retrospective application by virtue of a three part syllogism. The first step relies on an interpretation of *James B. Beam Distilling Co. v. Georgia,* —— U.S. ——, 111 S.Ct. 2439, 115 L.Ed.2d 481 (1991), in which a badly fragmented Court considered the retroactivity of judicial rulings. Announcing the opinion of the Court, Justice Souter, joined only by Justice Stevens, held that it is error "to refuse to apply a rule of federal law retroactively after the case announcing the rule has already done so." *Id.* 111 S.Ct. at 2446. Because Justices Blackmun, Marshall, and Scalia, concurring in the judgment, expressed the view that "the integrity of judicial review" requires retroactive application of "each new rule" announced by the court, it appears that a majority of the court supports Justice Souter's principle. *Id.* at 2450. The second step in the Magistrate's analysis is the proposition that the *Melkonyan* court, which announced the rule concerning the triggering event for EAJA fees in sentence four remands, "applied" this rule retroactively to the parties before the court. The third step is the obvious conclusion that, under *James B. Beam, Melkonyan*'s hold-

ing must be applied retroactively in all cases.[5]

The first step in the syllogism is an accurate reading of *James B. Beam;* the third step is pure deduction. But the court finds that the Magistrate's reasoning turns on a false premise in its reading of *Melkonyan.* The *Melkonyan* Court stated that "[t]his case is not an appropriate vehicle for resolving" issues concerning the timeliness of fee applications. 111 S.Ct. at 2166. In explanation, the Court said:

> If petitioner is correct that this was a sentence six remand, the District Court may determine that the application he has already filed is sufficient. Alternatively, petitioner can easily reapply for EAJA fees following the District Court's entry of a final judgment. In either case, petitioner will not be prejudiced by having filed prematurely. On the other hand, if this was not a sentence six remand, we have already explained that petitioner would not be entitled to fees, so the timeliness of the application will not be an issue.

*Id.* The reason that petitioner would not be entitled to fees in the latter case was that no final judgment had been entered by the district court before petitioner had initiated his appeal: "[w]ithout ruling on the correctness of the Secretary's decision, the District Court remanded the case for further administrative proceedings."[6] *Id.* at 2163. Thus, although announcing the principle that the thirty day period will run in sentence four remands from the date at which the judgment accompanying the remand cases to be appealable, *Melkonyan* does not apply that principle retroactively to the parties before it, thereby leaving open the question of whether such retroac-

---

**5.** Although this argument is premised on Supreme Court cases that were decided as recently as June 10 & 20, 1991, it has already been discussed in a flood of district court opinions. So far, courts are deeply split between the view that *Melkonyan* should be applied retroactively, *see, e.g., Welter v. Sullivan,* 941 F.2d 674, 675 (8th Cir.1991); *Audette v. Secretary of Health and Human Services,* 776 F.Supp. 84 (D.R.I. 1991); *Hudson v. Sullivan,* 779 F.Supp. 37 (W.D.Pa.1991), and the view that it should not.

*See, e.g., Sargent v. Sullivan,* 941 F.2d 1207 (4th Cir.1991) (unpublished opinion); *Miller v. Sullivan,* 1991 WL 165067; *Mautino v. Sullivan,* No. 86–0780, Slip Op. at 3, —— F.Supp. ——, —— (W.D.Mo. July 1, 1991).

**6.** The Court states that "it may be that the court treated the joint request for remand as a voluntary dismissal under Fed.Rule Civ.Proc. 41(a)." *Id.* at 2165.

tive application is mandated.[7] As the premise goes, so goes the syllogism: because *Melkonyan* did not apply the rule it announced, *James B. Beam* does not dictate the result in this case.[8]

Because *Melkonyan* did not apply its timeliness rule regarding sentence four remands to the parties therein, it would not offend the "equality principle" on which Justice Souter's opinion was based—"that similarly situated litigants should be treated the same"—to apply the *Melkonyan* rule prospectively to the parties herein. 111 S.Ct. at 2446. The question that must be addressed, therefore, is whether, in the absence of more explicit pronouncement, it should be concluded that the *Melkonyan* filing deadline should be generally applied retroactively to sentence four remands, or prospectively only.

■ Ordinarily, judicial decisions are given retroactive effect. However, in *Chevron Oil Co. v. Huson*, 404 U.S. 97, 106–07, 92 S.Ct. 349, 355–56, 30 L.Ed.2d 296, the Supreme Court recognized that certain situations require nonretroactive application of judicial decisions. In that case, the Supreme Court set forth a three-part test to determine whether a rule of law should be applied retroactively in a civil case:

First, the decision to be applied nonretroactively must establish a new principle of law, either by overruling clear past precedent on which litigants may have relied, ... or by deciding an issue of first impression whose resolution was not clearly foreshadowed.... Second, it has been stressed that "we must ... weigh the merits and demerits in each case by looking to the prior history of the rule in question, its purpose and effect, and whether retrospective operation will further or retard its operation." [*Linkletter v. Walker*, 381 U.S. 618, 629, 85 S.Ct. 1731, 1737, 14 L.Ed.2d 601 (1965).] ... Finally, we have weighed the inequity imposed by retroactive application, for "[w]here a decision of this Court could produce substantial inequitable results if applied retroactively, there is ample basis in our cases for avoiding the 'injustice or hardship' by a holding of nonretroactivity." [*Cipriano v. City of Houma*, 395 U.S. 701, 706, 89 S.Ct. 1897, 1900, 23 L.Ed.2d 647 (1969).]

*Chevron Oil*, 404 U.S. at 106–07, 92 S.Ct. at 355–56.

The Court's holding in *James B. Beam* has limited the vitality of this principle, but, in the court's view, does not extinguish it. In his opinion, Justice Souter concludes that:

"[b]ecause the rejection of modified prospectivity precludes retroactive application of a new rule to some litigants when it is not applied to others, the *Chevron Oil* test cannot determine the choice of law by relying on the equities of the particular case."

111 S.Ct. at 2447 (citations omitted). Three justices would overrule *Chevron* entirely; the remaining justices would not limit it. Therefore, Justice Souter's limited version of *Chevron* would appear to state the current form of the law. By precluding application of *Chevron* to the equities of particular cases, this formula limits the reach of

---

**7.** Contrary to defendants' suggestion, it cannot be inferred from the fact that *Melkonyan* applied its rule to petitioner with respect to sentence six remands, that it would also apply the time period associated with sentence four remands. Def.Mem. 4. The two cases raise markedly different issues, since, as the Court observes, applying the rule to a sentence six remand will not deprive petitioner of his remedy, while applying the rule retroactively in the sentence four context would have barred his claim for attorney's fees.

**8.** Decisions that have come to a contrary conclusion about the implications of *Melkonyan* have uniformly stated in a conclusory fashion that the Supreme Court applied its new rule of law to the litigants in *Melkonyan*, and neglected to analyze the evidence supporting this claim with respect to sentence four remands. *See, e.g., Fergason v. Sullivan*, 771 F.Supp. 1008, 1011 (W.D.Mo.1991); *Harpster v. Sullivan*, No. 86–1970, Slip Op. at 8 (W.D.Pa. October 8, 1991); *Salvador v. Sullivan*, 786 F.Supp. 830, 830 (N.D.Ca.1992). The court is aware of one district court case that has also come to the conclusion that the Supreme Court did not apply the new timeliness rule for fourth sentence remands to the litigants before it. *See Butts v. Bowen*, 775 F.Supp. 1167 (N.D.Ill.1991), *motion for reconsideration denied*, 778 F.Supp. 453 (1991).

*Chevron,* but appears to continue to contemplate use of *Chevron* factors to determine whether a judicial determination is to be given retroactive effect, where only considerations generally applicable to all cases, including the case in which the rule is announced, are considered.

■ Applying the *Chevron* factors generally to the question of the retroactivity of the *Melkonyan* time limits for sentence four remands, the court concludes that non-retroactive application is called for here. First, as stated above, the court finds that *Melkonyan* overturned clear Third Circuit precedent on which plaintiff may have, and probably, relied. *Cf. Miller v. Sullivan,* 1991 WL 165067 (E.D.Pa. Aug. 23, 1991) ("[c]learly, the decision in *Melkonyan* has overruled clear past precedent on which litigants have relied").

Second, the purpose and effect of the EAJA would be retarded by retrospective application of *Melkonyan.* As a district court in this Circuit stated in *Miller v. Sullivan:*

> In enacting the EAJA, Congress sought to remove the financial barrier faced by individuals litigating valid claims against the government. The award of attorney's fees to prevailing parties was intended to overcome the harsh reality that in many cases it was "more practical to endure an injustice than to contest it." [*Brown v. Secretary of Health and Human Services,* 747 F.2d at 880 (*quoting* H.R.Rep. No. 1418, 96th Cong., 2d Sess. 9, *reprinted in* 1980 U.S.Code Cong. & Ad.News, 4953, 4984, 4988).] To cut off plaintiff's opportunity to obtain counsel fees is to pierce the heart of the intent of EAJA which was to provide plaintiffs who seek the recovery of small amounts of money the opportunity to recover counsel fees.

1991 WL 165067. In *Sullivan v. Hudson,* 490 U.S. 877 (1989), the Supreme Court held that a federal court may award a Social Security claimant attorney's fees under the EAJA for representation during administrative proceedings held pursuant to a district court remand. Discussing this holding, the Court stated that:

> The purpose of the EAJA was to counterbalance the financial disincentives to vindicating rights against the Government through litigation; given this purpose, we could not believe that Congress would "throw the Social Security claimant a lifeline that it knew was a foot short" by denying her attorney's fees for the mandatory proceedings on remand.

*Finkelstein,* 110 S.Ct. at 2666 (*quoting Hudson,* 109 S.Ct. at 2256).

Without weighing the merits of this particular case, but in view of considerations that apply generally and equally to all parties subject to the EAJA, the court finds that retrospective application of a principle that would effectively deny plaintiffs attorney's fees, despite successful prosecution of Social Security claims, solely because they relied on an interpretation of the law they had no reason to question, is inconsistent with the purpose of the EAJA.[9] The court doubts that Congress, had it been confronted with this situation, in which the Supreme Court has concluded that the courts of this circuit were previously misinterpreting federal law, would have intended to snatch away a lifeline it had previously dangled within the Social Security claimant's grasp.

Third, the court concludes that retroactive application would cause substantial inequity to all parties similarly situated, since, prior to *Melkonyan,* plaintiffs, the government, and the courts of this circuit were all under the view that plaintiffs' time for applying for fees did not begin to run until after prosecution of the administrative proceeding on remand. Plaintiff, like other prevailing parties in his situation, did

---

9. It might be suggested that retroactive application of the *Melkonyan* rule would have no direct disincentive effect on challenging Social Security denials, since the relevant prosecutions have already been brought. However, the court concludes that, as well as offending basic conceptions of fairness, retroactive application could in fact discourage litigation in matters subject to the EAJA and increase disincentives to vindicating rights against the Government by demonstrating that the costs of litigating, even where apparently secured through victorious prosecution of a meritorious claim, may be retroactively denied without warning.

not apply for fees earlier not because of lack of diligence, but because the law did not require him to do so. Nor is there any prejudice to the government in applying *Melkonyan* prospectively only. As the *Miller* court said, "[i]t would provide a 'substantial inequitable result' to hold that plaintiff 'slept on her rights' at a time when she could not have known the time limitation that the law imposed on her." 1991 WL 165067 (*quoting Chevron*, 404 U.S. at 107, 92 S.Ct. at 355–56 (citation omitted)).

If, then, *Melkonyan* is not to be applied retroactively in this context, the sole issue before the court is whether plaintiff has established his entitlement to fees under the substantive provisions of the EAJA. The court concludes that this burden has been met. The EAJA sets forth two prerequisites for an award of attorney's fees. First, the court must determine that the claimant was a "prevailing party." Second, the court must find that the position of the government was not "substantially justified" and that no "special circumstances" make an award of attorney's fees unjust. *Brown v. Secretary of Health and Human Services*, 747 F.2d at 880–81.

In the appeal of the Secretary's decision to this court, plaintiff secured a vacatur of the Secretary's decision. Additionally, the court finds that the government's position was not substantially justified and that no special circumstances render an award unjust. Accordingly, the court agrees with the Magistrate's conclusion that, on the merits of his request, plaintiff is entitled to an award of attorney's fees under the EAJA. *See* Letter Order and Opinion (Nov. 1, 1991).

In his moving papers, plaintiff argued in the alternative that if he would be otherwise barred from applying for attorney fees by operation of the EAJA, the court should equitably toll the time period within which he is permitted to file his application. Since the court has concluded that no bar exists, it need not reach the equitable tolling issue. However, in its response to plaintiff's motion, defendant has raised another issue relevant to the court's holding.

Defendant contends that the thirty day time limit under the EAJA is jurisdictional, thereby depriving the court of subject-matter jurisdiction to award fees where a prevailing party has failed to timely file an appropriate application. This argument could be raised in the present context, notwithstanding the court's conclusion that the *Melkonyan* time limit should not be applied retroactively on *Chevron* grounds.

■ In *Firestone Tire & Rubber Co. v. Risjord*, the Supreme Court stated that jurisdictional rulings are not to be prospective only. 449 U.S. 368, 379, 101 S.Ct. 669, 676, 66 L.Ed.2d 571 (1981). However, a narrow exception has been recognized to this principle. In *Snyder v. Smith*, 736 F.2d 409, 415 (7th Cir.1984), *cert. denied*, 469 U.S. 1037, 105 S.Ct. 513, 83 L.Ed.2d 403 (1984), the circuit court held that *Risjord* should not be read as precluding prospective application of a jurisdictional rule where to do so would deprive a litigant of the ability to file a timely pleading because of an intervening change in the law. The same situation is presented here: if this court were deprived of jurisdiction, plaintiff, who had no need to apply for fees under the former interpretation of the law, would be deprived of the ability to apply to this court, notwithstanding the court's determination that the *Melkonyan* rule is otherwise subject only to prospective application. The court therefore concludes that the *Snyder* exception to *Risjord* governs this situation, and that the court has subject-matter jurisdiction to award the fees plaintiff seeks. *See Butts v. Bowen*, 778 F.Supp. 453 (N.D.Ill.1991) (applying *Melkonyan* prospectively despite view that the EAJA time limit is jurisdictional); *Brown v. Sullivan*, No. 89–4138, 1991 WL 225012 (E.D.Pa. Oct. 29, 1991) (id.).

*Conclusion*

For the foregoing reasons, the magistrate's order denying plaintiff attorney's fees under the Equal Access to Justice Act ("EAJA") is reversed. In view of this holding, plaintiff's motions for attorney's fees under 42 U.S.C. § 406(b) of the Act and for an order requiring defendants to file a

transcript and decision pursuant to § 205(g) are dismissed as moot.