Steven **PETTYJOHN**, Plaintiff–Appellant,

v.

Donna E. **SHALALA**, Secretary, Department of Health and Human Services, Defendant–Appellee.

No. 92–6395.

United States Court of Appeals, Tenth Circuit.

May 4, 1994.

Travis Smith, Legal Aid of Western Oklahoma, Inc., Oklahoma City, OK, for plaintiff-appellant.

John E. Green, U.S. Atty., Oklahoma City, OK, Gayla Fuller, Chief Counsel, Rodney A. Johnson, Asst. Regional Counsel, Office of the General Counsel, U.S. Dept. of H.H.S., Dallas, TX, for defendant-appellant.

Before MOORE and BRORBY, Circuit Judges, and VRATIL,* District Judge.

PER CURIAM.

This appeal[1] arises from the district court's denial of plaintiff's application for fees under the Equal Access to Justice Act (EAJA)[2] as untimely 801 F.Supp. 503. Plaintiff applied for social security disability benefits and an administrative law judge (ALJ) initially denied benefits. After the Appeals Council denied plaintiff's request for review, plaintiff filed suit in the district court challenging the Secretary's decision. The district court issued a "Memorandum Opinion" dated November 30, 1989, reversing and remanding the Secretary's decision because it found insubstantial evidence to support the Secretary's finding that plaintiff could per- form his past work. The district court remanded to the agency for a determination of whether plaintiff could perform any other work in the national economy and for an evidentiary hearing to determine whether plaintiff's mental condition justified reopening previously denied applications. The district court entered a separate judgment pursuant to Fed.R.Civ.P. 58 on November 30, 1989.

Following remand, the Secretary awarded benefits to plaintiff, and plaintiff filed an application for fees under the EAJA within thirty days of the Secretary's final decision. The Secretary objected to the application for fees as untimely. The matter was referred to a United States magistrate judge, who denied the application. Plaintiff "appealed" the magistrate's order to the district court, and the district court affirmed the denial of plaintiff's fee application as untimely.

The EAJA provides that "[a] party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses...." 28 U.S.C. § 2412(d)(1)(B). The Supreme Court has held that the phrase "final judgment" in the above-quoted portion of the EAJA "'refers to judgments entered *by a court of law*, and does not encompass decisions rendered by an administrative agency.'" *Shalala v. Schaefer*, —— U.S. ——, ——, 113 S.Ct. 2625, 2628, 125 L.Ed.2d 239 (1993) (quoting *Melkonyan v. Sullivan*, 501 U.S. 89, 95–96, 111 S.Ct. 2157, 2162, 115 L.Ed.2d 78 (1991)). In a case involving a remand to the Secretary, whether a final judgment has been entered depends on what kind of remand is made. *Melkonyan*, 501 U.S. at 97–99, 111 S.Ct. at 2163. The Court held in *Melkonyan*, and clarified in *Schaefer*, that there are only two kinds of remands available: a sentence four remand and a sentence six remand, so named for the fourth and sixth sentences of 42 U.S.C.

---

* Honorable Kathryn H. Vratil, District Judge, United States District Court for the District of Kansas, sitting by designation.

1. After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.

2. 28 U.S.C. § 2412.

§ 405(g).[3] *Id.; Schaefer,* —— U.S. at ——, 113 S.Ct. at 2629.

" 'In sentence four cases, the filing period [for EAJA fee applications] begins after the final judgment ('affirming, modifying, or reversing') is entered by the court and the appeal period has run, so that the judgment is no longer appealable.... In sentence six cases, the filing period does not begin until after the postremand proceedings are completed, the Secretary returns to court, the court enters a final judgment, and the appeal period runs.' " *Schaefer,* —— U.S. at ——, 113 S.Ct. at 2629 (quoting *Melkonyan,* 501 U.S. at 101–02, 111 S.Ct. at 2165).

After *Melkonyan* was decided, this court decided *Gutierrez v. Sullivan,* 953 F.2d 579 (10th Cir.1992), *cert. denied,* —— U.S. ——, 113 S.Ct. 3064, 125 L.Ed.2d 746 (1993). *Gutierrez* discussed the pre-*Melkonyan* decision in *Sullivan v. Hudson,* 490 U.S. 877, 109 S.Ct. 2248, 104 L.Ed.2d 941 (1989), which held that a remand order which does not award benefits will not normally confer prevailing party status for EAJA purposes until the result of the administrative process is known. *Id.* at 886, 109 S.Ct. at 2254. In *Gutierrez,* we construed *Melkonyan* and *Hudson* as recognizing "a subcategory of cases in which the district court makes a fourth sentence remand but intends to retain jurisdiction over the action pending further administrative proceedings and enter a final judgment after those proceedings are completed." *Gutierrez,* 953 F.2d at 584. *Schae-fer* made it clear that there is no such subcategory; it is error for a district court to order a sentence four remand and retain jurisdiction. —— U.S. at ——, 113 S.Ct. at 2630. At the very least, *Schaefer* casts serious doubt on our analysis, if not the ultimate holding,[4] in *Gutierrez.*

■ Plaintiff argues that the remand in this case was, at least in part, a sentence six remand and, therefore, the district court retained jurisdiction. In a sixth sentence remand,

> [t]he District Court does not affirm, modify, or reverse the Secretary's decision; it does not rule in any way as to the correctness of the administrative determination. Rather, the court remands because new evidence has come to light that was not available to the claimant at the time of the administrative proceeding and that evidence might have changed the outcome of the prior proceeding.

*Melkonyan,* 501 U.S. at 98, 111 S.Ct. at 2163. That is an entirely different kind of remand than that contemplated by the fourth sentence of § 405(g), *Sullivan v. Finkelstein,* 496 U.S. 617, 626, 110 S.Ct. 2658, 2664, 110 L.Ed.2d 563 (1990), which provides for "a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the cause for a rehearing." Plaintiff contends that, because the district court remanded in part for an evidentiary hearing to determine whether plaintiff's previous application should be reopened because

**3.** The fourth sentence of 42 U.S.C. § 405(g) provides in part:

> The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the cause for a rehearing.
> The sixth sentence provides that:
> The court may, on motion of the Secretary made for good cause shown before he files his answer, remand the case to the Secretary for further action by the Secretary, and it may at any time order additional evidence to be taken before the Secretary, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding; and the Secretary shall, after the case is remanded, and after hearing such additional evidence if so ordered, modify or affirm his findings of fact or his decision, or both, and shall file with the court any such additional and modified findings of fact and decision, and a transcript of the additional record and testimony upon which his action in modifying or affirming was based.

**4.** We held in *Gutierrez* that the EAJA fee application was timely because the district court did not enter a separate judgment at the time it ordered remand for further proceedings with the Secretary. The district court delayed actual entry of a separate judgment until the Secretary filed a copy of his final decision awarding benefits with the district court. Because the fee application was made within thirty days of entry by the district court of a separate judgment, the application was timely. *See Schaefer,* —— U.S. at ——, 113 S.Ct. at 2632.

of his mental condition, the remand was, at least in part, a sentence six remand.

We agree with the district court that the remand in this case was pursuant to sentence four. The district court made a substantive ruling as to the correctness of the Secretary's decision; it held that the ALJ erred both in finding that plaintiff could perform his past work, and in refusing to take evidence as to how plaintiff's mental condition affected his understanding of the administrative appeals process for purposes of determining whether plaintiff's previous applications should be reopened. Appellant's App. at 13, 17. Because the district court's order was a substantive reversal based upon the correctness of the Secretary's decision, it was a sentence four remand. *See Melkonyan,* 501 U.S. at 99–101, 111 S.Ct. at 2164. Upon expiration of the time for appeal, the judgment of the district court entered on November 30, 1989, reversing and remanding the case became the final judgment, and the filing period for purposes of plaintiff's fee application began at that time. *See Schaefer,* —— U.S. at ——, 113 S.Ct. at 2629. The district court's remand in this case was pursuant to sentence four, and because plaintiff did not file his fee application within thirty days of the finality of the November 30, 1989, judgment, his application was untimely.

■ Nevertheless, through no fault of his own, plaintiff is in a no-win situation. Had plaintiff filed his EAJA fee application when the district court's remand order became final, it would have been denied as premature because plaintiff was not yet a prevailing party. *See Hudson,* 490 U.S. at 886–87, 109 S.Ct. at 2254–56; *Gutierrez,* 953 F.2d at 583 (indicating that Tenth Circuit's interpretation of *Hudson* was that prevailing party status was not achieved, and therefore EAJA fee application could not be filed, until administrative process after remand was complete and benefits were awarded by Secretary). Yet, after *Schaefer,* there is no doubt that plaintiff's fee application should have been filed within thirty days of the finality of the district court's remand order.

The EAJA was enacted to ensure that people would not be deterred from seeking review of, or defending against, unreasonable governmental action because of the expense involved in pursuing their rights. *Hudson,* 490 U.S. at 883, 109 S.Ct. at 2253. We hold that, in this particular situation, it would be inconsistent with the purpose of the EAJA to foreclose consideration of plaintiff's fee application. Because the district court did not rule on the merits of plaintiff's application, we remand to the district court for that consideration.

The judgment of the district court is REVERSED, and the case is REMANDED for further proceedings consistent with this opinion.

VRATIL, District Judge, dissenting:

I respectfully dissent.

I join the majority in its conclusion that Congress would want Pettyjohn to receive his attorneys' fees despite his failure to make a timely fee application under the EAJA. However, I cannot join the majority's decision to award attorneys' fees in this case.

Under the American Rule, a federal court may award attorneys' fees only where they are provided for by statute, by enforceable contract, or under three narrow common law exceptions. *See Alyeska Pipeline Serv. Co. v. Wilderness Soc'y,* 421 U.S. 240, 257–59, 95 S.Ct. 1612, 1621–23, 44 L.Ed.2d 141 (1975). The common law exceptions permit the award of attorneys' fees (1) from a common fund; (2) as a sanction for willful disobedience of court order; and (3) where a party has acted vexatiously and in bad faith. *See Chambers v. NASCO, Inc.,* 501 U.S. 32, 45–46, 111 S.Ct. 2123, 2133, 115 L.Ed.2d 27 (1991).

I find no principled basis to award fees under the only statute which might have authorized fees in this case—the EAJA. The decisions which refuse to apply *Melkonyan* and *Schaefer* retroactively [1] are alluring but ultimately misguided. Careful analysis of *Melkonyan* and *Schaefer* reveals that the Supreme Court either applied or intended to apply the new rules, but that other factors

---

1. *See, e.g., Sansano v. Sullivan,* 788 F.Supp. 218, 224 (D.N.J.1992) *(Melkonyan ); Williams v. Sha-* *lala,* No. 84–C–4341, 1993 WL 388574 (N.D.Ill. Sept. 24, 1993) *(Schaefer ).*

prevented findings of untimeliness on the existing records. *See Misciagno v. Secretary,* 786 F.Supp. 1120, 1123 (E.D.N.Y.1992). The cases which refuse to apply *Melkonyan* and *Schaefer* flout the Supreme Court's clear instruction that new rules—especially jurisdictional rules—are to be applied retroactively. *See Harper v. Virginia Dep't of Taxation,* —— U.S. ——, ——, 113 S.Ct. 2510, 2517, 125 L.Ed.2d 74 (1993) (retroactivity generally); *Firestone Tire & Rubber Co. v. Risjord,* 449 U.S. 368, 379, 101 S.Ct. 669, 676, 66 L.Ed.2d 571 (1981) (new jurisdictional rules).

Pettyjohn does not and could not claim that his attorneys' fees are recoverable under any contract or the common law exceptions, and the panel agrees that he cannot avail himself of the EAJA's fee provisions. Thus, the majority's equitable remedy constitutes an unauthorized departure from the American Rule. Moreover, the EAJA effects a limited waiver of sovereign immunity, and any attorneys' fees awarded outside the boundaries of the clearly-established exceptions to the American Rule exceed that limited waiver. *See* 28 U.S.C. § 2412(b); 6 James Moore et al., Moore's Federal Practice § 54.78[5.2] (1993).

Although this court lacks authority to rescue Pettyjohn, his cause is not without hope. The Supreme Court certainly understood the practical consequences of its pronouncements in *Melkonyan* and *Schaefer.* The fact that the Supreme Court countenanced an inequitable result signals an invitation for Congressional—and not judicial—intervention. In fashioning an equitable remedy, the majority has reduced the likelihood that Congress will hear the pleas of Pettjohn and similarly situated EAJA applicants by muffling the Supreme Court's message.