Virginia L. **HOLT**, Plaintiff–Appellee,

v.

Donna E. **SHALALA**,\* Secretary, Department of Health and Human Services, Defendant–Appellant.

No. 92–36707.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 2, 1994.\*\*

Decided Aug. 23, 1994.

As Amended on Grant of Rehearing Nov. 18, 1994.

---

\* Donna E. Shalala, the current Secretary of HHS, is substituted for former Secretary Sullivan. *See* Fed.R.App.P. 43(c)(1).

\*\* The panel finds this case appropriate for submission without argument pursuant to Fed.R.App.P. 34(a) and Ninth Circuit Rule 34–4.

E. Roy Hawkins, U.S. Dept. of Justice, Washington, DC, for defendant-appellant.

Drew L. Johnson, Johnson, Cram & Associates, Eugene, OR, for plaintiff-appellee.

Before: GOODWIN, SCHROEDER and NORRIS, Circuit Judges.

SCHROEDER, Circuit Judge:

The government appeals a district court order granting attorney's fees under the Equal Access to Justice Act ("EAJA") in a Social Security benefits case. The only issue is whether the district court correctly exercised jurisdiction over Virginia Holt's EAJA petition. The merits of the fee application are not disputed. We hold that the court had jurisdiction to consider the petition, because the Supreme Court's decision in *Shala-* *la v. Schaefer,* —— U.S. ——, 113 S.Ct. 2625, 125 L.Ed.2d 239 (1993) does not apply retroactively. We therefore affirm the decision granting Holt attorney's fees.

## I. FACTS

On March 1, 1991, Virginia Holt brought suit in federal district court alleging that the Secretary of Health and Human Services had erroneously denied her 1988 application for disability benefits. On June 18, 1991, the district court reversed and remanded the case pursuant to sentence 4 of 42 U.S.C. § 405(g).[1] A final judgment was entered at that time. On remand, the Secretary awarded Holt benefits.

Holt then returned to district court on February 4, 1992, seeking attorney's fees under the Equal Access to Justice Act. 28 U.S.C. § 2412(d). In filing for fees at that time, Holt was following the established procedure for obtaining attorney's fees in Social Security cases. Prior to the Supreme Court's decision in *Shalala v. Schaefer,* —— U.S. ——, 113 S.Ct. 2625, 125 L.Ed.2d 239 (1993), the lower courts generally had held that the time for applying for fees under the EAJA, which authorizes fees only for "prevailing parties," did not begin to run until the claimant actually received benefits. *See, e.g., Papazian v. Bowen,* 856 F.2d 1455, 1456 (9th Cir.1988) (EAJA's 30-day time limit begins to run only upon an order which grants the plaintiff all the relief that he has requested and when nothing remains to be done but to implement the order).

The Secretary opposed Holt's petition, relying on *Melkonyan v. Sullivan,* 501 U.S. 89, 111 S.Ct. 2157, 115 L.Ed.2d 78 (1991), in which the Court suggested that the remand

---

**1.** 42 U.S.C. § 405(g) provides for judicial review of final administrative decisions by the Secretary of Health and Human Services. A court may remand a case to the Secretary in two ways, known as "sentence 4 remands" and "sentence 6 remands." The fourth sentence of section 405(g) provides that a court may enter "a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the cause for a rehearing." Sentence 6 reads:

> The court may, on motion of the Secretary made for good cause shown before he files his answer, remand the case to the Secretary for further action by the Secretary, and it may at

any time order additional evidence to be taken before the Secretary, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding; and the Secretary shall, after the case is remanded, and after hearing such additional evidence if so ordered, modify or affirm his findings of fact or his decision, or both, and shall file with the court any such additional and modified findings of fact and decision, and a transcript of the additional record and testimony upon which his action in modifying or affirming was based.

judgment rather than the award of benefits might trigger the time to file for attorney's fees.[2] The government therefore contended that Holt should have filed her EAJA petition within 30 days of the district court's June 18, 1991 final remand. Because Holt had not filed her petition until February 4, 1992, the Secretary argued that the district court lacked jurisdiction to consider her petition.

The district court agreed with the Secretary that *Melkonyan* requires that EAJA petitions be filed within 30 days of the time that a remand order becomes final. The court declined, however, to apply its decision to applicants who had relied upon the prevailing practice of filing EAJA petitions after benefits had been obtained. The court therefore granted Holt's petition.

After the government filed notice of its appeal, the Supreme Court decided *Shalala v. Schaefer,* —— U.S. ——, 113 S.Ct. 2625, 125 L.Ed.2d 239, holding for the first time that the time for filing an application for fees in most Social Security review cases begins to run from the time that the district court enters a judgment remanding the case for further administrative proceedings, rather than after a claimant has obtained benefits. The government relies upon *Schaefer* in its briefs to this court.

## II. HISTORICAL REVIEW OF EAJA'S APPLICATION TO SOCIAL SECURITY CASES

The Equal Access to Justice Act provides that a "prevailing party" other than the United States may seek attorney's fees within 30 days of final judgment in the civil action in which that party prevails. *See* 28 U.S.C. § 2412(d)(1)(A), (B). Prior to the Supreme Court's decision in *Schaefer,* it was commonly understood that a Social Security claimant became a "prevailing party" at the time that he or she actually obtained benefits from the Secretary, and that EAJA's 30–day time limit began to run when the successful claimant returned to federal court after a favorable post-remand decision and obtained a "final judgment" from the district court.

In a leading Supreme Court decision in this area, *Sullivan v. Hudson,* 490 U.S. 877, 109 S.Ct. 2248, 104 L.Ed.2d 941 (1989), the Court emphasized that "where a court orders a remand to the Secretary in a benefits litigation and retains continuing jurisdiction over the case pending a decision from the Secretary which will determine the claimant's entitlement to benefits, the proceedings on remand are an integral part of the 'civil action' for judicial review." *Id.* at 892, 109 S.Ct. at 2258. The Court therefore recognized that the district court's remand order in that case, which had been entered pursuant to sentence 4 of § 405(g), could not constitute a "final judgment" in that action. *Id.* at 887–88, 109 S.Ct. at 2255–56. Rather, the final judgment did not occur until after the claimant had returned to federal court following the post-remand proceedings, at which time he could obtain a "final judgment" and file a petition for reasonable attorney's fees. As the Court noted, "where a court's remand to the agency for future administrative proceedings does not necessarily dictate the receipt of benefits, the claimant will not normally attain 'prevailing party' status within the meaning of § 2412(d)(1)(A) until after the result of the administrative proceedings is known." *Id.* at 886, 109 S.Ct. at 2255.

This decision appeared to approve the federal courts' then-prevailing practice. *See Papazian,* 856 F.2d 1455; *Allen v. Secretary of Health and Human Services,* 781 F.2d 92, 94 (6th Cir.1986) (claimant is a "prevailing party" when the district court remands with direction to award fees); *Swenson v. Heckler,* 801 F.2d 1079 (9th Cir.1984) ("disability claimant who secured remand of the claim not yet a 'prevailing party' under EAJA"); *McGill v. Secretary of Health and Human Services,* 712 F.2d 28 (2d Cir.1983), *cert. denied,* 465 U.S. 1068, 104 S.Ct. 1420, 79 L.Ed.2d 745 (1984) (same); *see also Skip Kirchdorfer, Inc. v. United States,* 803 F.2d 711, 712 (Fed.Cir.1986) ("where the tribunal on remand must determine a significant part of the case ... a request for fees before the judgment on remand is generally premature").

---

2. *Melkonyan* was decided eight days before the district court's remand order in this case.

In its decision in *Melkonyan v. Sullivan*, 501 U.S. 89, 111 S.Ct. 2157, 115 L.Ed.2d 78, the Supreme Court cast the first shadow of doubt over the continuing validity of this procedure. In *Melkonyan*, the claimant had appealed a decision of the Secretary denying him benefits in federal court. The district court remanded the case to the Secretary upon stipulation of both parties. The Secretary eventually awarded the claimant benefits. More than a year later, the claimant returned to the district court seeking attorney's fees under the EAJA. The Secretary argued, and the Ninth Circuit agreed, that Melkonyan's EAJA petition was untimely, because it had been filed more than 30 days after the administrative decision awarding him benefits. The Supreme Court reversed, holding that an administrative decision cannot be a "final judgment" for EAJA purposes. Although the facts of *Melkonyan* itself did not involve a remand pursuant to sentence 4 of § 405(g), the Court noted in dicta that in a sentence 4 remand, "the filing period [for an EAJA petition] begins after the final judgment ('affirming, modifying or reversing') is entered by the court and the appeal period has run, so that the judgment is no longer appealable." *Id.* at 102, 111 S.Ct. at 2165.

This dicta had troubling implications; namely, that disability benefits claimants who prevailed only after a sentence 4 remand from a federal court would effectively be precluded from ever seeking attorney's fees under the EAJA, because they would be required to file petitions for attorney's fees before they were "prevailing parties," as the EAJA requires. Moreover, this dicta seemed incompatible with the Supreme Court's decision in *Hudson*, which, in the context of a sentence 4 remand, had held that the remand order was not "final" until the claimant had obtained benefits and the award had been affirmed by the district court.

In an effort to reconcile the seemingly contradictory language in *Melkonyan* and *Hudson*, a majority of the federal courts of appeals held that when remanding a case pursuant to sentence 4 of § 405(g), a district court retained jurisdiction and discretion to enter final judgment for EAJA purposes af-

ter the post-remand administrative proceedings had been completed, and the claimant had obtained benefits. *See Gray v. Secretary of Health and Human Services*, 983 F.2d 954 (9th Cir.), *vacated on rehearing*, 3 F.3d 1584 (9th Cir.1993); *Persichetti v. Secretary of Health and Human Services*, 990 F.2d 80 (3d Cir.1993); *Bertrand v. Sullivan*, 976 F.2d 977 (5th Cir.1992); *Labrie v. Secretary of Health and Human Services*, 976 F.2d 779 (1st Cir.1992); *Hafner v. Sullivan*, 972 F.2d 249 (8th Cir.1992); *Gutierrez v. Sullivan*, 953 F.2d 579, 582–83 (10th Cir. 1992), *cert. denied*, —— U.S. ——, 113 S.Ct. 3064, 125 L.Ed.2d 746 (1993); *Welter v. Sullivan*, 941 F.2d 674, 675 (8th Cir.1991). The Seventh Circuit reached essentially the same result, by holding that an order vacating and remanding a case to the Secretary for further administrative proceedings was simply not a "final judgment," but rather contemplated a return to the district court. *See, e.g., Young v. Sullivan*, 972 F.2d 830 (7th Cir.1992); *Damato v. Sullivan*, 945 F.2d 982 (7th Cir.1991).

The Supreme Court clarified the relationship between *Hudson* and *Melkonyan* in its 1993 decision in *Shalala v. Schaefer*, —— U.S. ——, 113 S.Ct. 2625, 125 L.Ed.2d 239. *Schaefer* squarely presented the issue of "the proper timing of an application for attorney's fees under the Equal Access to Justice Act (EAJA) in a Social Security case." *Id.* at ——, 113 S.Ct. at 2627. In *Schaefer*, following the standard practice at the time, the claimant had returned to federal court after obtaining benefits in post-remand administrative proceedings. The Secretary relied on dicta in *Melkonyan* to argue that the claimant's EAJA petition was untimely, because it had not been filed within 30 days of the order remanding his case to the Secretary. The Court agreed with the Secretary that the relevant final judgment in a sentence 4 case is the order remanding the case for further administrative proceedings. The Court explained that its language in *Hudson* suggesting that sentence 4 remand orders were not "final judgments" and that claimants did not become prevailing parties at that point had been dicta, and that contrary to the law that had been established by all of the courts of appeals at that time, "a party who wins a

sentence 4 remand order is a prevailing party." —— U.S. at ——, 113 S.Ct. at 2632. The Court further explained that it was not overruling *Hudson,* because *Hudson* still applied to sentence 6 remands and to sentence 4 remands over which the district court explicitly (if improperly) retained jurisdiction without objection. *Id.* at ——, 113 S.Ct. at 2630. The Court thus clearly set forth, for the first time, a new procedure to be followed in obtaining EAJA fees in Social Security cases.

Despite its holding that the order of remand constitutes a "final judgment" in a sentence 4 case, the Supreme Court nevertheless affirmed the Eighth Circuit's award of fees in *Schaefer,* because the district court had not entered a final judgment at the time of its sentence 4 remand. Therefore, the time to appeal that "final judgment" had not yet run, and the claimant's EAJA petition, though filed more than a year after he had obtained his remand order, was still timely. This court has followed the precise holding of *Schaefer* in other cases, to hold that where no "final judgment" has been formally entered following the remand order, the time to file an EAJA petition has not run. *See Yang v. Shalala,* 22 F.3d 213 (9th Cir.1994); *Gray,* 3 F.3d 1584. In this case, however, a final judgment was formally entered at the time the district court issued its June 18, 1991, remand order. We must therefore decide whether *Schaefer* applies retroactively to EAJA petitions filed under the old rule.

## III. RETROACTIVITY OF *SCHAEFER*

■ The Equal Access to Justice Act provides that a "prevailing party" must file an application for attorney's fees in the appropriate court "within 30 days of final judgment in the action...." 28 U.S.C. § 2412(d)(1)(B). The Secretary's primary argument, relying on EAJA's language and legislative history, is that this 30–day time limit was meant to be jurisdictional. The Secretary then concludes that because Holt's EAJA petition was in fact filed more than 30 days after the "final judgment" remanding her case to the Secretary, the district court was without power to consider her fee petition.

We find it unnecessary to decide whether or not EAJA's 30–day limit, calculated as *Schaefer* requires, is jurisdictional in the sense of being non-waivable, because we conclude that *Schaefer* does not apply in this case. Holt acted in accordance with the 30–day Congressional mandate, as it was then interpreted by the federal courts. She failed to comply with the Supreme Court's opinion in *Schaefer,* handed down after her EAJA petition had been filed. Our proper focus, then, is not the 30–day provision that Congress enacted in 1980, which has not changed, but the nature of the Supreme Court's decision in *Schaefer.* That decision did change the way EAJA's 30–day period was to be applied. But that does not mean that the new interpretation must bind litigants who relied upon the old.

■ Under traditional analysis, whether a decision applies retroactively depends upon (1) the history of the decision in question, specifically whether it overrules past precedent or decides an issue of first impression; (2) whether retroactivity would advance or hinder the new rule's application; and (3) the extent of any inequity that would result from retroactive application. *Chevron Oil Co. v. Huson,* 404 U.S. 97, 106–07, 92 S.Ct. 349, 355–56, 30 L.Ed.2d 296 (1971). Applying this analysis to the case before us, we conclude that *Schaefer* should not be applied retroactively.[3]

First, as we have noted, *Schaefer* significantly changed the established practice of obtaining attorney's fees in Social Security cases. Prior to the Supreme Court's decision, federal courts had uniformly held that a decision remanding a Social Security case to the Secretary for further administrative proceedings was not a "final judgment" triggering the time to file an EAJA petition. *See, e.g., Papazian,* 856 F.2d 1455; *Allen,* 781 F.2d 92; *Skip Kirchdorfer,* 803 F.2d 711. Even after *Melkonyan,* the courts of appeals continued to hold without dissension that EAJA petitions were timely filed after the claimant had become a "prevailing party" in post-remand proceedings. *E.g., Gray,* 983 F.2d 954; *Labrie,* 976 F.2d 779; *Hafner,* 972 F.2d 249; *Gutierrez,* 953 F.2d 579; *Young,* 972 F.2d 830.

---

3. Under current analysis, when a court announces a new rule and retroactively applies it to the case before it, the rule must be applied retroactively. *Harper v. Virginia Dept. of Taxation,* —— U.S. ——, 113 S.Ct. 2510, 125 L.Ed.2d 74 (1993); *Melton v. Moore,* 964 F.2d 880 (9th Cir. 1992). Because the Supreme Court in *Schaefer* did not apply the new rule it announced to the case at bar, we apply traditional *Chevron* analysis here.

Second, retroactive application of this new rule could not advance the rule's application, as claimants who achieved their remand orders prior to *Schaefer* cannot now comply with *Schaefer*'s dictates.

Finally, and for the same reasons, applying *Schaefer* retroactively would be inequitable. It would prevent large numbers of Social Security plaintiffs who reasonably relied on this Court's previous rule from ever being able to file for attorney's fees under the EAJA. Before *Schaefer,* Social Security petitioners not only did not know that they had to file EAJA petitions within 30 days of a final remand order, but also *could* not have filed petitions at this time, because, under the then-existing law, they were not "prevailing parties" until they were awarded benefits. *See, e.g., Sullivan,* 490 U.S. at 886, 109 S.Ct. at 2254–55; *Pettyjohn v. Shalala,* 23 F.3d 1572 (10th Cir.1994) (refusing to apply *Schaefer* retroactively because of this inequity); *Swenson,* 801 F.2d 1079.

We think it significant that neither the Supreme Court nor any of the courts of appeals has yet issued a decision denying a successful Social Security claimant attorney's fees on the grounds that his attorney's fees petition was not filed within 30–days of a pre-*Schaefer* "final judgment" remanding the claimant's case to the Secretary pursuant to sentence 4 of § 405(g). *See, e.g., Schaefer,* —— U.S. at ——, 113 S.Ct. 2625 (affirming an award of fees where "final judgment" had not been formally entered); *Kadelski v. Sullivan,* 30 F.3d 399 (3d Cir.1994) (same); *Pettyjohn,* 23 F.3d 1572; *Yang v. Shalala,* 22 F.3d 213; *Newsome v. Shalala,* 8 F.3d 775 (11th Cir.1993); *Gray,* 3 F.3d 1584; *Persichetti,* 990 F.2d 80; *Bertrand,* 976 F.2d 977; *Labrie,* 976 F.2d 779; *Gutierrez v. Sullivan,* 953 F.2d 579; *Cummings v. Sullivan,* 950 F.2d 492, 495 n. 4 (7th Cir.1991); *Welter v. Sullivan,* 941 F.2d 674 (8th Cir.1991); *Luna v. United States Dept. of Health and Human Serv.,* 948 F.2d 169 (5th Cir.1991). We decline to be the first to reach such an inequitable result.

■ The government relies on *Firestone Tire and Rubber Co. v. Risjord,* 449 U.S. 368, 101 S.Ct. 669, 66 L.Ed.2d 571 (1981), to argue that *Schaefer* must be applied retroac-

tively. In *Firestone,* the Court of Appeals had decided first that it lacked jurisdiction over an appeal from an order denying a motion to disqualify counsel because such an order was not an appealable final order. The court nevertheless went on to address the merits of the appeal. In vacating the circuit opinion, the Supreme Court explained that after the court of appeals had decided it did not have jurisdiction to hear the case, it was not free to decide the merits. The Court said that "by definition, a jurisdictional ruling may never be made prospective only." *Id.* at 379, 101 S.Ct. at 676.

However, *Firestone* did not address a rule like *Schaefer,* which would foreclose all review in a class of cases. The *Firestone* court simply rejected interlocutory appellate review of disqualification motions, holding that any review must await a final judgment. This ruling did not prevent parties who had relied on the old rule from obtaining any review of their cases. It certainly did not create a rule that, if applied to a category of pending cases in the courts, would mean that the time for review had come and gone. The *Firestone* decision did not change the prevailing understanding of jurisdictional principles. *Schaefer* did.

Implicitly recognizing these distinctions, the Tenth Circuit recently held, as we do today, that *Schaefer* need not be applied retroactively, despite its "jurisdictional" nature. *Pettyjohn,* 23 F.3d at 1576. In a somewhat different context, the Seventh Circuit explicitly held in *Snyder v. Smith,* 736 F.2d 409, 414–15 (7th Cir.), *cert. denied,* 469 U.S. 1037, 105 S.Ct. 513, 83 L.Ed.2d 403 (1984), that "jurisdictional rulings" of the sort announced in *Schaefer* need not be applied retroactively. In *Snyder,* the district court issued an order compelling arbitration. At the time, orders compelling arbitration were not appealable final orders in the Seventh Circuit. The defendant therefore did not appeal the arbitration order until after the arbitration was completed and the district court had affirmed its result. The plaintiff argued that the appeal was untimely under *University Life Ins. Co. of America v. Unimarc, Ltd.* 699 F.2d 846 (7th Cir.1983), which had held that orders compelling arbitration

**382**

were immediately appealable.[4] The Seventh Circuit declined to apply *Unimarc* retroactively, recognizing that to do so would effectively foreclose the defendant from ever raising his issues in appellate court. *Id.* at 414–15. The Seventh Circuit held that *Firestone* did not require it to apply *Unimarc* retroactively; where "a party who relie[d] on a jurisdictional ruling ... [would be] under a subsequent decision, foreclosed from ever raising his issues in the appellate court." *Id.* at 415; *see also Pettyjohn,* 23 F.3d at 1575. We follow the Seventh and Tenth Circuits in concluding that we are not required to apply jurisdictional rulings of this type retroactively.

AFFIRMED.

---

4. Congress has since overruled *University Life Ins.,* and reestablished the earlier rule that orders compelling arbitration are generally not immediately appealable. 9 U.S.C. § 16.