45 F.3d 439
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Wilburn A. HITT, Plaintiff-Appellant,
v.
Donna E. SHALALA, Secretary of Health and Human Services,
Defendant-Appellee.
 No. 93-5245.
 United States Court of Appeals, Tenth Circuit.
 Dec. 23, 1994. Before BALDOCK and McKAY, Circuit Judges,
and VRATIL,** District Judge.
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed.R.App.P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff Wilburn Hitt appeals from part of a district court order affirming the Secretary's decision that he was not disabled before his fifty-fifth birthday. We reverse and remand for further proceedings.
 
 
 3
 Plaintiff, whose date of birth is April 4, 1934, applied for disability insurance benefits and supplemental security income in February 1988.[2] He alleged that he became disabled in July 1985 due to a back injury, arthritis, liver problems, and high blood pressure. His application was denied initially and on reconsideration.
 
 
 4
 Following an evidentiary hearing, an administrative law judge (ALJ) denied benefits at step four of the five-step evaluation process, 20 C.F.R. 404.1520, 416.920, finding plaintiff could return to his past work as a night watchman. The Appeals Council vacated the decision and remanded for a determination of whether the night watchman job was relevant work.
 
 
 5
 After a second evidentiary hearing, the ALJ apparently concluded that the night watchman job was not past relevant work because the claimant only worked about two months at that job.[3] He further found that plaintiff could not return to his past relevant work, and proceeded to step five of the evaluation process, where he denied benefits because he found plaintiff could perform other jobs that existed in significant numbers in the economy.
 
 
 6
 The Appeals Council denied review, making the ALJ's decision the final decision of the Secretary. The district court affirmed the decision that plaintiff was not disabled before his fifty-fifth birthday, but remanded for reevaluation of the evidence in light of 20 C.F.R. 404.1563(d) as to all matters subsequent to his fifty-fifth birthday. On remand the ALJ found plaintiff has been disabled since his fifty-fifth birthday on April 4, 1989.
 
 
 7
 The Secretary moved to dismiss the appeal, arguing the district court's order is not final and appealable under 28 U.S.C. 1291 because it remanded part of the case to the Secretary for further proceedings. The Secretary later withdrew her motion. However, we still have a duty to inquire into our own jurisdiction. City of Chanute v. Williams Natural Gas Co., 31 F.3d 1041, 1045 n. 8 (10th Cir.1994).
 
 
 8
 The two exclusive methods for remanding a Social Security case to the Secretary are set forth in sentences four and six of 42 U.S.C. 405(g). Shalala v. Schaefer, 113 S.Ct. 2625, 2629 (1993); Pettyjohn v. Shalala, 23 F.3d 1572, 1573 (10th Cir.1994). A sentence four remand occurs when the district court enters "a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the cause for a rehearing." 405(g). A sentence four remand is a final judgment under 1291 for purposes of appellate jurisdiction. Sullivan v. Finkelstein, 496 U.S. 617, 629 (1990).
 
 
 9
 The district court did not expressly affirm, modify, or reverse the Secretary's decision, which is a prerequisite for a sentence four remand. Rather, the court simply remanded to the Secretary to reevaluate the evidence.
 
 
 10
 Nevertheless, the remand was ordered because the district court concluded that the Secretary's application of 404.1563(d) was in error and that she failed to make adequate findings. These are the kinds of errors that have traditionally justified sentence four remands. Melkonyan v. Sullivan, 501 U.S. 89, 101 (1991). Despite the district court's omission of the word "reversed," we discern from its finding of error that it intended to reverse the Secretary's decision. Thus, the remand was pursuant to sentence four, making the order final and appealable.[4] We conclude we have jurisdiction.
 
 
 11
 Turning to the merits, plaintiff argues that the Secretary improperly analyzed his claim of disabling pain under Luna v. Bowen, 834 F.2d 161 (10th Cir.1987). Luna held that once a claimant has shown a loose nexus between a proven impairment and his subjective claim of disabling pain, as here, the Secretary must consider all relevant evidence to determine whether the pain is disabling. Id. at 164. Plaintiff contends the Secretary erred by not adequately considering evidence that he has persistently attempted to find relief for back pain, has seen several doctors, and has minimal daily activities. While these are relevant factors, Huston v. Bowen, 838 F.2d 1125, 1132 (10th Cir.1988), they do not support plaintiff's claim of disabling pain.
 
 
 12
 The Secretary found that plaintiff takes no pain medication other than possibly aspirin or Tylenol on an as-needed basis. She further found that he is able to walk up to a quarter of a mile which he does for exercise, stand and sit one hour at a time, lift ten pounds, drive a car, go to the store and shop, take care of his personal needs without assistance, and could garden and do yard work as recently as 1989. She also found that as recently as October 22, 1990, one of the examining physicians had observed callouses on plaintiff's hands, small abrasions over his arms, and grime under his fingernails, several of which were broken, leading that doctor to conclude that plaintiff was using his hands for rather heavy work in the recent past.
 
 
 13
 Contrary to plaintiff's claim that he has persistently sought medical attention for his back pain, the undisputed medical evidence shows that he was seen in 1978 for back pain following a work-related injury, and a laminectomy and discectomy were performed. He reinjured his back at work in late 1983 and saw a physician who diagnosed lumbosacral strain and gave him medication. He was examined in September 1984 by Dr. Richard Cooper, apparently for purposes of a Worker's Compensation claim. Plaintiff's next medical visit was in October 1985, when his complaint was arm and chest pain possibly associated with chemical fumes. He was hospitalized in April 1987 for alcohol-related symptoms. There is no mention in the hospital notes of back pain. The remaining medical reports and opinions appear to have arisen out of examinations conducted for the purpose of this Social Security proceeding.
 
 
 14
 Plaintiff claims it was error for the Secretary to follow the medical opinion of Dr. Sherman Lawton instead of adopting the medical opinions of Drs. Sidney Williams, David Krug, and William Harsha. Dr. Williams stated that plaintiff could lift no more than five pounds, sit or stand no more than one hour at a time, and could never balance, stoop, crouch, kneel, or crawl. Dr. Krug thought that plaintiff showed some evidence of degenerative osteoarthritis such that prolonged standing and walking would bother him, as would persistent bending, stooping, or sitting. Dr. Harsha stated that plaintiff could lift up to fifteen pounds with weight next to the body, and could stand or sit two to three hours but only up to one hour at a time. Dr. Lawton stated that plaintiff had no lifting, standing, or sitting restrictions.
 
 
 15
 The ALJ found plaintiff could lift no more than twenty pounds occasionally and ten pounds frequently, could walk or stand and sit six hours in an eight-hour day but not more than one hour continuously at a time, could not perform certain repetitive tasks, and could climb, balance, stoop, crouch, and crawl only occasionally. Thus, he did not strictly adopt Dr. Lawton's opinion, but rather relied on the other doctors' opinions as well as plaintiff's testimony.
 
 
 16
 In any event, plaintiff does not contend that any of these physicians was a treating physician whose opinion would be entitled to greater weight. See Sorenson v. Bowen, 888 F.2d 706, 711 (10th Cir.1989). Plaintiff's argument is simply that we should reweigh the medical evidence. "[T]his we cannot do." Hamilton v. Secretary of Health & Human Servs., 961 F.2d 1495, 1498 (10th Cir.1992).
 
 
 17
 Finally, plaintiff claims error in the ALJ's questioning of the vocational expert (VE). The VE identified several light and sedentary jobs that a person of plaintiff's age, skills, and education could perform if he had no restrictions. Then, the ALJ asked the VE to consider whether a series of restrictions, each of which was presented separately and without regard for any other restriction, would preclude a person from performing any of these jobs.
 
 
 18
 Plaintiff argues the ALJ should have included all the restrictions in one question, citing the Secretary's obligation to "consider the combined effects of impairments that may not be severe individually, but which in combination may constitute a severe medical disability." Hargis v. Sullivan, 945 F.2d 1482, 1491 (10th Cir.1991). The district court apparently agreed. It noted that "he [the ALJ] appeared to consider [plaintiff's] alleged impairments individually instead of in combination. This, too, is in error." Appellant's App. Vol. I at 9. However, the district court failed to consider the implications of this error when it affirmed the denial of benefits for the period of time before plaintiff's fifty-fifth birthday. This failure undermines our confidence in the correctness of its affirmance of the denial of that claim.
 
 
 19
 We agree that the ALJ's questioning of the VE was error. The VE ruled out certain jobs that a hypothetical person with only one restriction could perform, implying that that person could perform the jobs he had not excluded. However, he never testified that a person with a combination of those restrictions could perform the jobs he had not excluded. We do not think it was a reasonable inference for the ALJ to draw from this testimony that a person with a combination of restrictions could perform any of the jobs under consideration.
 
 
 20
 Because we agree that the question to the VE was improper, we remand to the Secretary for the sole purpose of eliciting vocational testimony with a properly phrased hypothetical question. However, we reject plaintiff's argument that the ALJ erred in failing to include in the hypothetical questions restrictions that plaintiff claimed he had but which the ALJ did not accept as true. See Gay v. Sullivan, 986 F.2d 1336, 1341 (10th Cir.1993).
 
 
 21
 The judgment of the United States District Court for the Northern District of Oklahoma is REVERSED, and the cause is REMANDED for further proceedings consistent with this order and judgment.
 
 
 
 **
 Honorable Kathryn H. Vratil, District Judge, United States District Court for the District of Kansas, sitting by designation
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 Plaintiff was last insured for disability insurance benefits on December 31, 1987
 
 
 [3]
 The ALJ actually stated that he would consider the night watchman job as past relevant work. This appears to have been a misstatement because it is followed by the statement that plaintiff only worked at the job two months, and the ALJ noted vocational testimony that two months would not necessarily be sufficient for the job to be considered substantial gainful activity
 
 
 [4]
 The lack of entry of a separate judgment, as required by Fed.R.Civ.P. 58, does not preclude appellate jurisdiction. Schaefer, 113 S.Ct. at 2632