Yvonne **BIRNELL**, Plaintiff,

v.

Kenneth S. **APFEL, Commissioner of Social Security,** Defendant.

No. 98–2039–JWL.

United States District Court, D. Kansas.

Nov. 24, 1999.

H. Reed Walker, Mission, KS, for plaintiff.

Melanie D. Caro, Office of Atty. General, Kansas City, KS, for defendant.

### MEMORANDUM AND ORDER

LUNGSTRUM, District Judge.

Presently before the court is plaintiff's motion for attorney's fees and costs pursuant to 28 U.S.C. § 2412 of the Equal Access to Justice Act (EAJA) (Doc. 29). Defendant objects to plaintiff's motion, claiming that it is untimely and must therefore be denied (Doc. 31). For the reasons discussed below, plaintiff's motion for EAJA fees is denied.

### I. Background

On January 23, 1998, plaintiff filed an action with this court seeking judicial review of the decision of the Commissioner of Social Security (Commissioner) denying plaintiff's application for disability insurance benefits under Title II of the Social Security Act (Doc. 1). On December 16, 1998, United States Magistrate Judge Rushfelt issued a Report and Recommendation finding that the Commissioner erred in three respects: (1) not ordering a consultative examination of plaintiff's mental impairment; (2) not procuring the assistance of a medical expert in completing the Psychiatric Review Technique Form (PRTF); and (3) not ensuring that a qualified psychiatrist or psychologist had completed the medical portion of the case review after plaintiff had supplemented her medical records on file (Doc. 26). Magistrate Judge Rushfelt recommended that the decision of the Commissioner be reversed and noted that such "reversal will dispose of this case." On January 11, 1999, after the time for filing objections to Magistrate Judge Rushfelt's Report and Recommendation had come and gone with no objections having been filed, the court issued an order adopting the Report and Recommendation (Doc. 27). The court reversed the Commissioner's decision and remanded the matter for further consideration consistent with Magistrate Judge Rushfelt's Report and Recommendation.

Asserting that the court's January 11, 1999 order established plaintiff as a prevailing party, plaintiff filed her application for EAJA fees with this court on September 20, 1999 (Doc. 29). Defendant responded that plaintiff's application for fees was untimely and asked the court to deny plaintiff's motion for a fee award (Doc. 31). In reply to defendant's argument, plaintiff's counsel explained that out-of-state counsel for plaintiff, Ms. Enyeart, had not received a copy of Magistrate Judge Rushfelt's Report and Recommendation, nor of the court's January 11, 1999 judgment, even though Ms. Enyeart had entered her appearance with the court and was plaintiff's lead counsel (Doc. 32). Plaintiff's counsel further noted that Magistrate Judge Rushfelt's Report and Recommendation indicated that a copy was sent to "all counsel," and that plaintiff's attorneys had no reason to believe that such was not the case. Therefore, plaintiff's counsel requests that the court consider plaintiff's request for EAJA fees despite the applicable time bar.

### II. Discussion

 Under EAJA, a prevailing party must apply for fees "within thirty days of final judgment in the action." 28 U.S.C. § 2412(d)(1)(B). A "final judgment in the action" is "a judgment rendered by a court that terminates the civil action for which EAJA fees may be received." *Melkonyan v. Sullivan*, 501 U.S. 89, 96, 111 S.Ct. 2157, 115 L.Ed.2d 78 (1991). The thirty day "EAJA clock begins to run after the time to appeal that 'final judgment' has expired." *Id.* According to Fed.R.App.P. 4(a)(1), "if the United States or an officer or agency thereof is a party, the notice of appeal may be filed by any party within 60 days after such entry [of final judgment]." Fed.R.App.P. 4(a)(1) (West 1998). Consequently, "EAJA's thirty-day time limit runs from [the] end of [the] sixty-day period for appeal in [a] social security case."

*Goatcher v. Chater*, 57 F.3d 980, 981 (10th Cir.1995).

■ The court's January 11, 1999 order reversing the Commissioner's decision and remanding the matter for further consideration was a "final judgment" because it was a remand pursuant to sentence four of 42 U.S.C. § 405(g). Sentence four of § 405(g) states: "The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the cause for a rehearing."[1] The court's order reversed the decision of the Commissioner and, as Magistrate Judge Rushfelt wrote in his recommendation, such "reversal will dispose of this case." The Supreme Court has ruled that a remand pursuant to sentence four of 42 U.S.C. § 405(g) makes the order final and appealable. *See Shalala v. Schaefer*, 509 U.S. 292, 298, 113 S.Ct. 2625, 125 L.Ed.2d 239 (1993). Thus, the parties had sixty days from January 11, 1999 in which to appeal the court's order. When neither party appealed the order in that time period, the thirty day time limit for the filing of EAJA fees began to run. Plaintiff did not file her application for EAJA fees until September 20, 1999. Because plaintiff clearly did not file her application for EAJA fees within thirty days after the time to appeal the January 11, 1999 order had expired, plaintiff's application is untimely.

■ The only question before the court, then, is whether the court may consider plaintiff's application for EAJA attorney's fees and costs despite the running of the time limit prescribed in 28 U.S.C.

§ 2412(d)(1)(B). The court finds that it may not because the thirty day time limit is a mandatory, jurisdictional condition. The Tenth Circuit construes the "thirty-day time limitation [as] jurisdictional in nature." *Bryan v. Office of Personnel Management*, 165 F.3d 1315, 1321 (10th Cir.1999). That is, as opposed to a statute of limitations, it is not subject to equitable tolling or waiver. This view is consistent with that of the majority of courts which have addressed the issue. *See, e.g., Long Island Radio Co. v. N.L.R.B.*, 841 F.2d 474, 477 (2d Cir.1988); *Clifton v. Heckler*, 755 F.2d 1138, 1144 (5th Cir.1985); *United States v. Lindert*, 142 F.3d 437, 1998 WL 180519, at \*3 (6th Cir.1998); *Monark Boat Co. v. N.L.R.B.*, 708 F.2d 1322, 1326 (8th Cir.1983); *Newsome v. Shalala*, 8 F.3d 775, 777 (11th Cir.1993); *Action on Smoking & Health v. Civil Aeronautics Board*, 724 F.2d 211, 225–26 (D.C.Cir.1984); *Bazalo v. West*, 150 F.3d 1380, 1383 (Fed.Cir. 1998); *Jones v. West*, 13 Vet.App. 129, 130–31 (Vet.App.1999). Requiring compliance with the thirty day time limitation before a court has subject matter jurisdiction over an application for EAJA fees is consistent with the doctrine of sovereign immunity. "The United States, as sovereign, is immune from suit save as it consents to be sued ... and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *United States v. Sherwood*, 312 U.S. 584, 586, 61 S.Ct. 767, 85 L.Ed. 1058 (1941). Applying the doctrine of sovereign immunity to EAJA actions for attorney's fees, the Tenth Circuit has held that "EAJA is a waiver of sovereign immunity and therefore must be strictly construed." *Estate of*

---

1. The Supreme Court has recognized two types of remands arising from 42 U.S.C. § 405(g). *See Melkonyan*, 501 U.S. at 98, 111 S.Ct. 2157. In contrast to a sentence four remand, a sentence six remand "does not affirm, modify, or reverse the [Commissioner's] decision; it does not rule in any was as to the correctness of the administrative determination." *Id.* The start of the EAJA filing period depends on the type of remand: "In sentence four cases, the filing period begins

after the final judgment ("affirming, modifying, or reversing") is entered by the court and the appeal period has run, so that the judgment is no longer appealable. See § 2412(d)(2)(G). In sentence six cases, the filling period does not begin until after the postremand proceedings are completed, the [Commissioner] returns to court, the court enters a final judgment, and the appeal period runs." *Id.* at 102, 111 S.Ct. 2157.

*Smith v. O'Halloran,* 930 F.2d 1496, 1501 (10th Cir.1991).

The Tenth Circuit has only found one situation which justified the consideration of an untimely EAJA application. In *Pettyjohn v. Shalala,* 23 F.3d 1572 (10th Cir. 1994), the Tenth Circuit found that a Supreme Court decision required it to change the way in which it applied the EAJA provisions and thereby put the plaintiff, "through no fault of his own," in a "no-win situation." *Pettyjohn,* 23 F.3d at 1575. In 1993, the Supreme Court ruled that an order of remand under sentence four of 42 U.S.C. § 405(g) constituted a "final judgment" which started the running of the thirty day EAJA time limit. *See Schaefer,* 509 U.S. at 298, 113 S.Ct. 2625. Prior to *Schaefer* the Tenth Circuit had consistently held "that prevailing party status was not achieved, and therefore [an] EAJA fee application could not be filed, until [the] administrative process after remand was complete." *Pettyjohn,* 23 F.3d at 1575 (*citing Gutierrez v. Sullivan,* 953 F.2d 579 (10th Cir.1992)). Thus, had the plaintiff filed his EAJA fee application within thirty days of the finality of the district court's November 30, 1989 remand order, his application would have been denied as premature. *See id.* "Yet, after *Schaefer,* there is no doubt that plaintiff's fee application should have been filed within thirty days of the district court's remand order." *Id.* Faced with this catch–22 situation, the Tenth Circuit held that "in this particular situation, it would be inconsistent with the purpose of the EAJA to foreclose consideration of plaintiff's fee application. Because the district court did not rule on the merits

of plaintiff's application, we remand to the district court for that consideration." *Id.* The Tenth Circuit thereby refused to apply *Schaefer* retroactively. *See Holt v. Shalala,* 35 F.3d 376, 381 (9th Cir.1994) (stating that *Pettyjohn* refused to apply *Schaefer* retroactively).

Unfortunately for plaintiff, the Tenth Circuit has never extended *Pettyjohn* beyond the "particular situation" in which applying a rule retroactively would place plaintiff in a no-win predicament. Such a situation is not present in the case at bar. Here, the law was clear that the filing of a timely EAJA claim within thirty days of the court's remand order becoming final was a jurisdictional prerequisite. The Tenth Circuit had so held since 1996. *See United States v. 819.98 Acres of Land,* 78 F.3d 1468, 1470 n. 1 (10th Cir.1996) (in which the Tenth Circuit for the first time cited an Eleventh Circuit case for the proposition that EAJA's time requirements are jurisdictional in nature). Moreover, unlike the counsel in *Pettyjohn,* plaintiff's counsel had the power to ensure the timely filing of plaintiff's application for EAJA fees. Although plaintiff's counsel assert that Ms. Enyeart never received a copy of the court's final order, Ms. Enyeart herself is responsible for the lack of receipt.[2] Ms. Enyeart failed to take the necessary steps, required by local rule 83.5.4, to be admitted to practice in this court.[3] D.Kan.R. 83.5.4(a). As a result, she is not listed on the court's docket as plaintiff's counsel of record. Upon issuance of the court's January 11, 1999 order, the Clerk of Court mailed a copy of the order

**2.** The court reserves judgment as to whether the Tenth Circuit would extend its holding in *Pettyjohn* to toll the EAJA time limitation in a situation where a court, rather than plaintiff's counsel, were responsible for plaintiff's failure to receive notice of the court's final order.

**3.** The court is particularly unsympathetic to Ms. Enyeart's "lack of notice" argument in light of events preceding the issuance of the court's order. In a Minute Order, dated September 30, 1998, denying plaintiff's motion for extension of time to file her brief, the Deputy Clerk of Court wrote: "To date, Ms.

Catherine R. Enyeart has not been admitted pro hac vice in this case and, therefore, she is not counsel of record for plaintiff...." Then, on November 11, 1998 the court sanctioned Ms. Enyeart for her failure to comply with D.Kan.R. 83.5.1(c), which reads, in relevant part: "Only attorney's enrolled ... or duly admitted to practice pro hac vice may appear or practice in this court." Despite the clerk's warning and the court's sanction, Ms. Enyeart never took the steps prescribed in D.Kan.R. 83.5.4 to be admitted to practice pro hac vice.

to plaintiff's local counsel who is listed on the court's docket. Plaintiff's local counsel could have ensured that plaintiff's application for EAJA fees was filed within the thirty day time limitation, but he did not. Plaintiff's assertion that the thirty day time period should not begin to run until all counsel for plaintiff have notice of the court's decision runs afoul of the plain language of 28 U.S.C. § 2412(d)(1)(B) which requires that the prevailing party submit its application "within thirty days of final judgment in the action." *See, e.g., Monark Boat Co.* 708 F.2d at 1328 (refusing to read EAJA to permit a filing within thirty days of the parties' receipt of actual notice of the final disposition in a case).

The court recognizes that the jurisdictional nature of the 28 U.S.C. § 2412(d)(1)(B) time requirement imposes a harsh result upon plaintiff's counsel who have invested numerous hours in this case. Plaintiff's counsel, however, are not alone in this respect. For example, in *United States of America v. Lindert,* the Sixth Circuit upheld a district court's refusal to consider the plaintiff's untimely EAJA fee application even though the application was filed "within the extended time period granted by the district court." 142 F.3d 437, 1998 WL 180519, at *3. Rejecting the plaintiff's argument that "unique circumstances" justified deviance from the time requirements of 28 U.S.C. § 2412(d)(1)(B), the Sixth Circuit reiterated that the "thirty day time limitation contained in the EAJA is not simply a statute of limitations. It is a jurisdictional prerequisite to governmental liability" which cannot be waived. *Id.* (citations and internal quotations omitted). Likewise, in *Jones v. West,* the United States Court of Appeals for Veterans Claims refused to equitably toll the EAJA filling period where the plaintiff's application addressed to "Clerk of Court, U.S. Court of Appeals for Veteran's Claims" was timely delivered to the VA Office of General Counsel, a litigation group sharing the same address of the Clerk of Court but residing in a different suite number. 13 Vet.App. 129, 130. The plaintiff's application did not reach the cor-rect suite until after the EAJA time limit had expired. The Court of Appeals ruled that the "EAJA is a waiver of sovereign immunity, and its jurisdictional provisions are to be strictly construed in the government's favor." *Id.* (citations and internal quotations omitted).

In its research, the court has only uncovered one circuit court case allowing equitable tolling of the EAJA time period. In *Luna v. HHS,* 948 F.2d 169, 173 (5th Cir.1991), the district court's remand order "purported to retain jurisdiction, thus unwittingly misleading Luna to think that no final judgment was being entered." The Fifth Circuit characterized the remand as a final judgment pursuant to sentence four of 42 U.S.C. § 405(g) and found the EAJA application time barred. 948 F.2d at 171–72. However, the court found that equitable tolling was allowed by the Supreme Court case of *Bowen v. City of New York,* 476 U.S. 467, 480–82, 106 S.Ct. 2022, 90 L.Ed.2d 462 (1986). *Bowen* held that the time limitations of 42 U.S.C. § 405(g) could be equitably tolled under appropriate circumstances. The court is not required to follow the approach taken by the Fifth Circuit in *Luna,* nor is it persuaded to do so. First, *Luna* is fundamentally flawed because the time limit being tolled in *Luna* was 28 U.S.C. § 2412(d)(1)(B), not 42 U.S.C. § 405(g). 28 U.S.C. § 2412(d)(1)(B) is jurisdictional in nature, *see Bryan v. Office of Personnel Management,* 165 F.3d at 1321, while *Bowen* states that 42 U.S.C. § 405(g) can only be tolled because it constitutes a period of limitations, rather than a jurisdictional requirement, 476 U.S. at 478 & n. 10, 106 S.Ct. 2022. Second, the facts in this case are distinguishable from those in *Luna.* Here, the court's January 11, 1999 order gave no suggestion that the court was retaining jurisdiction. In fact, the court adopted the Report and Recommendation of Magistrate Judge Rushfelt which noted that a reversal of the Commissioner's decision by the court "will dispose of this case." Dec. 16, 1998 Report at 22 (Doc. 26). Third, and most important, the Tenth Circuit has

found compliance with the EAJA thirty day limit to be a requirement for subject matter jurisdiction, *see Bryan v. Office of Personnel Management*, 165 F.3d at 1321, thus removing the *Luna* approach from the court's options.[4] *Accord Allbritton v. HHS*, 796 F.Supp. 35, 41 (D.Mass.1992) ("Because the First Circuit has ruled the thirty-day period is jurisdictional, [equitable tolling] is unavailable."). Based on the above considerations, the court must dismiss plaintiff's untimely EAJA claim for lack of subject matter jurisdiction.

**IT IS ACCORDINGLY ORDERED** that plaintiff's motion for attorney's fees and costs pursuant to the EAJA is denied.

**IT IS SO ORDERED.**

---

**4.** For this reason the court also declines to follow the approach taken by a handful of district courts holding that the time provision in 28 U.S.C. § 2412(d)(1)(B) is not jurisdictional and may thus be equitably tolled. *See Bacon v. HHS*, 786 F.Supp. 434, 438 (D.N.J. 1992); *Callaway v. HHS*, No. S–91–125 EJG/ GGH, 1992 WL 317567, at *13 (E.D.Cal. Sept.4, 1992); *Phayboun v. Sullivan*, No. S– 90–225 EJG/PAN, 1992 WL 247012, at * 11– 12 (E.D.Cal. Sept.4, 1992); *Golbach v. Sullivan*, 779 F.Supp. 9, 11 (N.D.N.Y.1991). These courts rely on the Supreme Court decision in *Irwin v. Veterans Affairs*, 498 U.S. 89, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990), which rejected the government's argument that the time limit prescribed in Title VII for the filing of a complaint against the government was jurisdictional. The Supreme Court announced that the doctrine of equitable tolling is available in suits against the United States if it is available in comparable suits of private parties and if Congress has not provided otherwise. *Irwin*, 498 U.S. at 95, 111 S.Ct. 453. The Tenth Circuit, just this year, has restated its position that the thirty day time provision applicable to EAJA applications is jurisdictional. *See Bryan v. Office of Personnel Management*, 165 F.3d at 1321. Therefore, the court is not persuaded by the interpretation of *Irwin* adopted by these district courts.