TASHIMA, Circuit Judge,
concurring:
Although I concur in all of the majority opinion, I write separately to explain why I do not disagree with the majority’s conclusion that “fairness counsels in favor of applying our newly-clarified rule regarding hybrid experts prospectively.” Maj. Op. at 826. The question is whether this case presents the appropriate circumstances in which to exercise our discretion to allow “Goodman ... to rectify her error by disclosing reports for her treating physicians.” Id. at 826.
The broader question is when an appellate court’s ruling should be a “purely prospective” one that does not apply to the parties before it, contrary to the generally applicable rule. See James B. Beam Distilling Co. v. Georgia, 501 U.S. 529, 536, 111 S.Ct. 2439, 115 L.Ed.2d 481 (1991). We are told that we should declare rulings to be purely prospective only “infrequently.” Id. Courts consider three factors in determining whether a decision should be applied nonretroactively: (1) whether the decision “establish[es] a new principle of law, either by overruling clear past precedent on which litigants may have relied, or by deciding an issue of first impression whose resolution was not clearly foreshadowed;” (2) whether applying the rule retroactively will further or retard its operation; and (3) whether retroactive application will create substantial inequitable results. See Chevron Oil Co. v. Huson, 404 U.S. 97, 106-07, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971) (internal citations omitted); see also N. Pipeline Constr. Co. v. Marathon Pipe Line Co., 458 U.S. 50, 87-88, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982); Holt v. Shalala, 35 F.3d 376, 380 (9th Cir.1994); Usher v. City of L.A., 828 F.2d 556, 559-60 (9th Cir.1987).
These Chevron Oil factors are so open ended that they can be applied to justify prospective application in virtually any case where a “new” rule or interpretation of a rule is announced. In practice, it appears to be a matter wholly within the discretion of the panel to conclude that “[ujnder the circumstances, it would be unjust to allow Goodman’s mistake about a previously unsettled point of law to be the coup de grace to her case.” Maj. Op. at 826. Here, the Chevron Oil factors can be applied either to support retroactive application or to justify purely prospective application. Despite my misgivings at so open ended a rule, however, I conclude that this is a matter within the panel’s broad discretion and the panel’s decision to so exercise its discretion is not inconsistent with applicable case law.
Therefore, although this does not appear to me to be the unusual case in which the prospective application rule should be “infrequently” applied, I reluctantly concur in the panel’s prospective only adoption of the hybrid expert disclosure rule. I con *829 cur without reservation in the remainder of the majority opinion.